**BRYAN CAVE LEIGHTON PAISNER LLP**
Thomas J. Schell, Esq.
Laith J. Hamdan, Esq.
1290 Avenue of the Americas
New York, New York
T: 212-541-2000
E: TJSchell@bclplaw.com
E: Laith.Hamdan@bclplaw.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HAVAS WORLDWIDE NEW YORK, INC., <br><br> Plaintiff, <br><br> -against- <br><br> CROSSBORDER TRANSACTIONS LLC, <br><br> Defendants, | Civil Action No.: <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Havas Worldwide New York, Inc. ("Havas" or "Plaintiff"), by its undersigned attorneys, hereby alleges as follows for its Complaint against Defendant CrossBorder Transactions LLC, d/b/a CrossBorder Solutions ("CrossBorder" or "Defendant"):

## NATURE OF THE ACTION

1. This action arises from CrossBorder's violations of federal copyright law. CrossBorder is intentionally copying, distributing, and displaying Havas's copyrighted works without authorization and at the expense of Havas.

2. Havas is a world leader in creative advertising with the world's most integrated advertising and communications business.

3. CrossBorder provides tax solutions for transfer pricing, research and development credits, and tax provision.

604326635

4. CrossBorder engaged Havas's creative teams to redefine CrossBorder's brand and create a new communications plan, website design, and creative sales content. The parties agreed that all copyrights in the materials created by Havas would be owned and controlled by Havas until delivered and paid for by CrossBorder. At CrossBorder's request, Havas agreed to perform the work for a fixed fee, and to spread the fixed-fee payments out over a twelve-month period. After Havas delivered the creative content, however, CrossBorder failed to make the required payments. Instead, CrossBorder began intentionally copying, distributing, and displaying Havas's copyrighted works without authorization to launch its new brand.

5. Havas brings this Complaint for injunctive relief to stop, and damages to seek redress for, CrossBorder's infringement of Havas's intellectual property rights.

6. Havas also seeks payment of all amounts owed to Havas pursuant to the parties' Agreement (defined below).

## PARTIES, JURISDICTION AND VENUE

7. Havas is a Delaware corporation having a place of business at 200 Hudson Street, New York, New York 10013.

8. CrossBorder is a Delaware corporation having its headquarters at 520 White Plains Road, Tarrytown, New York 10591.

9. This is a civil action arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. The Court has original subject matter jurisdiction over the copyright claims under 28 U.S.C. §§ 1331 and 1338(a). The Court has supplemental jurisdiction over all other claims under 28 U.S.C. § 1367(a) as such claims are related to the copyright claims and form part of the same case and controversy.

10. The Court has personal jurisdiction over CrossBorder pursuant to N.Y. C.P.L.R. § 302 or, in the alternative, Federal Rule of Civil Procedure 4(k), because, upon information and

belief, CrossBorder has its headquarters in New York, regularly conducts business in New York, and committed tortious actions within and/or causing injury to Havas in New York, and Havas's claims arise from those activities. In particular, upon information and belief, CrossBorder (a) transacts business in New York and/or contracts to obtain and supply services in New York, including through the Agency Services Agreement ("Agreement") dated January 1, 2021 between CrossBorder and Havas, a copy of which is attached hereto as **Exhibit 1**, (b) has committed acts of copyright infringement in New York and in this District, and/or (c) has committed acts of copyright infringement outside New York causing injury to Havas in New York, and CrossBorder expected or should reasonably have expected such acts to have consequences in New York, and CrossBorder derives substantial revenue from interstate or international commerce.

11.   Venue is proper, *inter alia*, under 28 U.S.C. § 1391(b) because, upon information and belief, CrossBorder conducts, transacts, and/or solicits business in this District.

## FACTUAL ALLEGATIONS

12.   Havas is an advertising agency that provides comprehensive branding and creative marketing services to its clients.

13.   CrossBorder is in the business of offering tax accounting, compliance, education, and planning services through the use of artificial intelligence and advanced cloud-based technologies.

14.   CrossBorder enlisted Havas's services to help CrossBorder re-brand itself as "The Know How Company" by creating and developing an overall strategy, communications plan, redesigned website, creative campaign and content series, as well as subsequent strategies and tactics for sales tools and product campaigns.

15. Effective January 11, 2021, the Parties entered into the Agreement, memorializing their agreement regarding Havas's creative services and ownership and control of Havas's intellectual property.

16. At CrossBorder's request to pay for Havas's services over time, the Parties agreed that Havas would be compensated based on a single, fixed-fee amount paid in monthly installments as set forth in the parties' January 1, 2021 Statement of Work ("SOW"). (Agreement § 4.) The SOW initially provided for a fixed fee of $6,303,721, payable in monthly installments commencing in January 2021 and ending in December 2021. The parties also agreed that all of Havas's out-of-pocket expenses in connection with the Agreement would be paid by CrossBorder. (Agreement § 6(a).)

17. As creator of a new communications plan, website design, creative sales materials, and other content contemplated by the Agreement and SOW, Havas is the author of these works and owner of all copyrights in and to such works under the Copyright Act, 17 U.S.C. 101 *et seq*.

18. The Agreement provided that CrossBorder would become owner of such rights only on condition that such works were "produced in final form and paid for by [CrossBorder]":

> All campaigns, trademarks, service marks, slogans, artwork, written materials, drawings, photographs, graphic materials, film, music, transcriptions, or other materials that are subject to copyright, trademark, patent, or similar protection) [*sic*] developed, created, or otherwise conceived by Agency [*i.e.*, Havas] in the course of Agency's performance of this Agreement, . . . and the rights to any underlying patent, copyrights, trade secrets and other intellectual property rights, ***which are produced in final form and paid for by Client***. [*sic*] [*i.e.*, CrossBorder] will be designated as "Proprietary Information." Except as expressly provided herein, Client shall own all right, title and interest in and to said Proprietary Information . . . .

(Agreement ¶ 11.a (emphasis added).)

19. During the course of Havas's performance, CrossBorder's priorities and marketing goals changed multiple times. Havas was able to successfully adapt its services to meet

604326635

CrossBorder's goals, but this major directional shift, as well as numerous other related and unrelated changes requested by CrossBorder, caused Havas to expend significant unanticipated time and effort providing additional services.

20. On March 25, 2021, CrossBorder agreed to compensate Havas for its services by increasing the fixed-fee amount to $7,103,721, again payable in monthly installments over time. A copy of the parties' February 25, 2021 Change Order reflecting the fix-fee payment and monthly installments is attached hereto as **Exhibit 2**.

21. Thereafter, Havas continued to provide services under the Agreement, including the creation of intellectual property.

22. Beginning in May 2021, however, CrossBorder failed to pay the required fixed-fee installment invoices and invoices for Havas's out-of-pocket expenses. CrossBorder has failed to pay the following invoices, which Havas sent to CrossBorder on the date indicated and were due within 30 days for the fixed-fee installments (**Exhibit 2** at 1) and within 10 days for the out-of-pocket expenses (**Exhibit 1** at 3, § 6.a.):

| Date | Amount | Description |
|---|---|---|
| May 3, 2021: | $843,567 | (May installment of fixed fee) |
| June 7, 2021: | $843,567 | (June installment of fixed fee) |
| June 14, 2021: | $8,991 | (out-of-pocket expenses) |
| June 23, 2021: | $156,086.20 | (out-of-pocket expenses) |
| August 26, 2021: | $4,079.25 | (out-of-pocket expenses) |
| August 26, 2021: | $7,040 | (out-of-pocket expenses) |
| September 23, 2021: | $2,641.50 | (out-of-pocket expenses) |

Copies of these invoices are attached hereto as **Exhibit 3**.

23. On October 29, 2021, Havas advised CrossBorder that, as a result of CrossBorder's failure to satisfy the condition of payment for Havas's services, Havas retains ownership of all intellectual property rights associated with the new communications plan, website design, creative sales materials, and other content created by Havas in connection with the Agreement but not paid

for by CrossBorder, and that CrossBorder had no license, permission, or other basis to copy, distribute, display, or use any such works. A copy of Havas's October 29, 2021 letter is attached hereto as **Exhibit 4**. Havas demanded that CrossBorder immediately cease and desist all reproduction, display, performance, distribution, or other use of such works.

24. CrossBorder acknowledged receipt of Havas's October 29 letter but provided no substantive response.

25. Notwithstanding Havas's demand, CrossBorder continues intentionally copying, distributing, and displaying Havas's copyrighted works without authorization. CrossBorder's actions constitute willful copyright infringement under the Copyright Act, 17 U.S.C. §§ 501, 504.

26. Havas created, among other things, a Manifesto Video, a Website, Discovery Presentations, Long Brochures, Product Proposals, and Short Brochures, all of which CrossBorder has not paid for – and, thus, which CrossBorder has no rights to under the Agreement.

27. Havas is the copyright owner of the Manifesto Video, Website, Discovery Presentations, Long Brochures, Product Proposals, and Short Brochures.

28. Havas has obtained a Certificate of Registration for the Manifesto Video from the U.S. Copyright Office. A copy of the Certificate of Registration for the Manifesto Video is attached hereto as **Exhibit 5**. Havas has filed applications to register the Website, Discovery Presentations, Long Brochures, Product Proposals, and Short Brochures with the U.S. Copyright Office and will seek to amend its complaint to add claims concerning CrossBorder's infringement of these works once the Copyright Office issues the certificates of registration.

29. On information and belief, CrossBorder is copying, distributing, displaying, and using the Manifesto Video, Website, Discovery Presentations, Long Brochures, Product Proposals,

and Short Brochures without authorization from Havas and in violation of Havas' copyrights, including on CrossBorder's website https://crossborder.ai/.

30. CrossBorder's infringement is intentional, and has resulted in lost profits to Havas and has damaged the inherent value of Havas's works.

**FIRST CLAIM FOR RELIEF**
**(Copyright Infringement Under 17 U.S.C. § 101, *et seq.*)**

31. Plaintiff Havas re-alleges and incorporates by reference the allegations set forth above in paragraphs 1-30.

32. Havas's Manifesto Video constitutes an original work and copyrightable subject matter pursuant to the Copyright Act, and is protected by a Certificate of Registration duly issued to Havas by the United States Copyright Office.

33. At all relevant times, Havas has been and still is the owner of all rights, title, and interest in and to the copyrights in the Manifesto Video, which have not been assigned, licensed, or otherwise transferred to CrossBorder.

34. CrossBorder, with full knowledge of Havas's copyrights in the Manifesto Video has infringed Havas's copyrights. Specifically, CrossBorder infringed Havas's exclusive rights to copy, display, and control distribution of the Manifesto Video, including by posting the work to CrossBorder's website without Havas's permission, license, or consent, in violation of 17 U.S.C. § 106.

35. CrossBorder's unlawful conduct, as set forth above, was willful. CrossBorder had actual and/or constructive knowledge that its conduct was unlawful and in violation of Havas's copyrights. CrossBorder acted intentionally and in reckless disregard of Havas's copyrights.

36. As a result of CrossBorder's unlawful and deliberate conduct as set forth above, Havas has been, and will continue to be, damaged.

37. CrossBorder's actions described above have caused and will continue to cause irreparable damage to Havas, for which Havas has no remedy at law. Unless this Court restrains CrossBorder from continuing its infringement of Plaintiff's copyrights, these injuries will continue to occur in the future. Havas is accordingly entitled to injunctive relief restraining CrossBorder from further infringement.

## SECOND CLAIM FOR RELIEF
(Breach of Contract)

38. Plaintiff Havas re-alleges and incorporates by reference the allegations set forth above in paragraphs 1-37.

39. The Agreement, as incorporated by the SOW and Change Order, constitute a valid and enforceable contract between Havas and CrossBorder.

40. Havas has adequately performed its material obligations under the Agreement.

41. CrossBorder breached the Agreement by failing to pay the amounts due to Havas pursuant to Sections 4 and 6(a) of the Agreement, including CrossBorder's failure to pay $1,865,971.95 that has been invoiced to CrossBorder as set forth above.

42. As a result of CrossBorder's breach of the Agreement, Havas has been damaged in an amount of no less than $1,865,971.95

## THIRD CLAIM FOR RELIEF
(Account Stated)

43. Plaintiff Havas re-alleges and incorporates by reference the allegations set forth above in paragraphs 1-42.

44. Between May 3 and September 23, 2021, Havas delivered seven invoices to CrossBorder, requesting payment of the amounts due under the Agreement, in the aggregate amount of $1,865,971.95.

45. Each invoice listed the amount owed, the basis for CrossBorder's payment obligation, and (if applicable) any supporting documentation.

46. CrossBorder did not dispute the amounts set forth in the invoices within a reasonable time.

47. Despite Havas's demand for payment, neither the amounts due, nor any portion thereof, have been paid by CrossBorder to Havas.

48. As a result of CrossBorder's failure to pay the invoiced amounts, Havas has been damaged in an amount of no less than $1,865,971.95.

## FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment)

49. Plaintiff Havas re-alleges and incorporates by reference the allegations set forth above in paragraphs 1-48.

50. In the alternative to Havas's right to relief for CrossBorder's breach of contract, Havas is also entitled to relief because CrossBorder has been unjustly enriched.

51. Havas provided services to CrossBorder with the expectation of receiving compensation, pursuant to the terms of their Agreement.

52. CrossBorder enriched itself at Havas's expense by accepting the benefits of Havas's services without compensating Havas as agreed.

53. It is against equity and good conscience to permit CrossBorder to retain the benefits of Havas's work without paying Havas the fair and reasonable value of its services.

54. The fair and reasonable value of the services that Havas provided to CrossBorder is no less than $1,865,971.95.

**PRAYER FOR RELIEF**

By reason of the acts and circumstances alleged above, Plaintiff Havas seeks relief from this Court as follows:

1. With respect to Havas's First Claim For Relief:

   a. Judgment on the claim in favor of Havas, including that Defendant's infringement of Havas's work was intentional and willful;

   b. Damages and/or restitution according to proof at trial;

   c. An accounting and disgorgement of CrossBorder's profits, gains, and advantages attributable to its unlawful conduct;

   d. An order requiring CrossBorder to pay Havas such damages as Havas has sustained as a consequence of CrossBorder's unlawful acts as alleged above, including actual damages or statutory damages, at Havas's election, as allowable under 17 U.S.C. § 504;

   e. An order enjoining CrossBorder and those in active concert with CrossBorder from further infringing upon Havas's copyrights pursuant to 17 U.S.C. § 502;

   f. An order requiring CrossBorder to deliver up for destruction all products, packaging, labels, literature, advertising, and other material bearing imitations, including confusingly similar variations, of Havas's copyrights pursuant to 17 U.S.C. § 503;

   g. Prejudgment and post-judgment interest at the applicable rate;

   h. Havas's attorney's fees, expenses, and costs of suit as allowed by law; and

   i. Such other and further relief the Court deems proper.

2. With respect to Havas's Second, Third, and Fourth Claims for Relief:

   a. Judgment on the claims in favor of Havas;

    b.   Damages according to proof at trial, in an amount of no less than $1,865,971.95;

    c.   Prejudgment and post-judgment interest at the applicable rate;

    d.   Havas's attorney's fees, expenses, and costs of suit as allowed by law; and

    e.   Such other and further relief the Court deems proper.

## JURY TRIAL DEMANDED

Plaintiff Havas hereby demands a trial by jury.

Dated: December 1, 2021
         New York, New York

**BRYAN CAVE LEIGHTON PAISNER, LLP**

By:    */s/ Thomas J. Schell*
       Thomas J. Schell, Esq.
       Laith J. Hamdan, Esq.
       1290 Avenue of the Americas, Floor 33
       New York, New York 10104
       T: 212-541-2000
       E: TJSchell@bclplaw.com
       E: Laith.Hamdan@bclplaw.com

*Attorneys for Plaintiff*